The Honorable Carolyn Pollan State Representative 400 North Eighth Street Fort Smith, AR 72901
Dear Representative Pollan:
This is in response to your request for an opinion on the following questions:
 1. Does Act 476 of 1993, either literally or by implication, prohibit a volunteer firefighter on a municipal fire department from running for and serving on the city's governing body under a city administrator form of government?
 2. If the answer to Question 1 is "no," are there any other reasons under Arkansas law (like `incompatibility of offices' or `conflict of interests' or `dual office holding,' etc.) which would prevent a volunteer firefighter on a municipal fire department from running for and serving on the city's governing body under a city administrator form of government?
It is my opinion, in response to your first question, that while it may be accurate to cite Act 476 of 1993[1] as indirectly prohibiting such dual service, the direct prohibition would be based in that instance on A.C.A. 14-48-110(a)(3) (1987). This Code section is part of Chapter 48 of Title 14, which governs cities organized under the city administrator form of government. It states:
 Except where expressly permitted under this chapter, the mayor or board member may not serve the city in any other capacity.
Because cities having an administrator form of government are removed from 14-42-115 after August 13, 1993, it seems that the express authorization therein of a volunteer fire fighter's service on the city's governing body cannot be relied upon after that date as support for such dual service. Subsection (a)(3) of 14-48-110 will then apply to prevent a volunteer firefighter from serving on the city board of directors in a city having the administrator form of government. He or she would clearly be serving the city in a capacity other than board member, contrary to 14-48-110(a)(3). But for the 1993 act, it appears that a volunteer firefighter's service on any city governing board would be expressly sanctioned under14-42-115.[2] The express sanction was, however, removed by Act 476, thus opening the door for application of 14-48-110(a)(3).
In sum, it is my opinion that a volunteer firefighter is prohibited under A.C.A. 14-48-110(a)(3) (1987) from serving on the city's governing body under an administrator form of government. A response to your second question is unnecessary, in light of the above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] Act 476 added subsection (c) to A.C.A. 14-42-115. The entire Code section reads as follows:
 (a)(1) It is lawful for a volunteer firefighter in any city of the first or second class or incorporated town in this state to seek election to, and if elected, to serve as a member of the city council or other governing body of the city or town.
 (2) This service shall not be deemed a conflict of interest and shall not be prohibited by the civil service regulations of any city or town.
 (b) A person may serve and receive compensation as a member of the governing body of any city of the first or second class or incorporated town and simultaneously serve as a volunteer fire fighter and receive compensation as a firefighter.
 (c) The provisions of this section shall not apply after August 13, 1993, to any city having a city administrator form of government.
A.C.A. 14-42-115 (Cum. Supp. 1993).
[2] It should perhaps be noted that the constitutionality of14-42-115 was questioned by this office in Opinion 92-014, issued on March 3, 1992, based upon the separation of powers doctrine. Ark. Const. art. 4, 1 and 2. As noted therein, however, application of this doctrine to local, i.e., municipal offices, is uncertain. See also Op. Att'y Gen. 91-415. As noted in another opinion (Op. Att'y Gen. 93-302), there is judicial precedent in support of the proposition that the constitutional separation of powers applies only to state officers and offices.